Mr. Justice Thacheu,
delivered the opinion of the court.
The appellant filed a petition in the probate court of Harrison county to obtain his distributive interest in the estate of Bernard Benoit, senior, deceased. In this petition, the petitioner alleges that he is a free man of color, and the natural son of the deceased aforesaid, who died leaving no legal heirs; and that by an act of its legislature, the state of Mississippi granted to him all the right, title and interest which it had, by the law of eschéat, in the estate of said deceased. The petition makes all other allegations required by the statute pointing out the mode and manner in which distribution of estates of deceased persons shall be authorized. To this petition the appellee, as administrator of the said estate, filed an answer and supplemental answer, which set up that the appellant was not a free man of color, but a slave, and the property of said estate; and that *37 there were persons claiming to be heirs of the estate of the said deceased. The appellant introduced in evidence an authenticated certificate of manumission, together with other evidence, to establish his freedom, and an act of the legislature of this state, entitled “ An Act for the relief of Bernard Benoit, junior.” Acts of 1844, c. 144. The appellee produced no evidence in his behalf. The probate court dismissed the petition.
At the expiration of the time restricted by the statute, the law makes it incumbent on a probate court to compel the distribution of an estate to the persons entitled and praying for the same, upon their first entering into bond and security. Murdock Adm’r. v. Washburn et ux. 1 S. & M. 546. Such an application can be made by and granted to an individual dis-tributee, without joining his co-distributees, if such exist. The bond and security always required, are designed to protect the rights of such distributees as may subsequently make their claim good to distribution, as well as the rights of creditors of the estate. H. & H. 406, s. 70. The circumstance that other claimants to distribution of the estate existed in this case, was not a sufficient ground of objection to the appellant’s petition.
In order to enable the appellant to have obtained distribution under his petition, itwas incumbent upon him, under the statute, to show that he was entitled to it. Ibid. The issue as to his freedom must necessarily have been disposed of in some mode in the probate court. Perhaps the best mode, and one which might have prevented multiplicity of suits and litigation, would have been for one or the other party to have required the probate court to have sent that issue into the circuit court, as allowed by the statute, H. & H. 473, s. 17, 18. Enough evidence, however, seems to have been introduced on the trial below by the appellant to establish the character in which he prosecuted his petition; and no attempt was made by the appellee to contradict it.
The judgment of the court below is therefore reversed, the petition directed to be reinstated in the probate court of Harrison county, and the prayer of the petition allowed, upon peti *38 tioner executing bond with security according to law in such cases, unless the other party require an issue to the circuit court.
It is perhaps proper to add that the judgment in this case is no bar to any proceedings which may be instituted hereafter by the administrator of the estate in question to obtain possession of the appellant as a slave, the property of said estate; and that it is not conclusive of the freedom of the appellant in any issue that he may hereafter be called upon to make or cause upon that inquiry.